IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JAMES YBARRA,** | § | Civil Action No. 4:24-cv-00584 |
| | § | (Jury Trial) |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| **CITY OF HOUSTON, TEXAS, and** | § | |
| **GERALD GOINES,** *Individually,* | § | |
| | § | |
| *Defendants* | § | |

## DEFENDANT CITY OF HOUSTON'S REPLY IN SUPPORT OF DEFENDANT CITY OF HOUSTON'S RULE 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE LEE H. ROSENTHAL:

Comes now Defendant, City of Hoston ("Houston"), and files its Reply in support of its Rule 12(b)(6) Motion to Dismiss [Doc. 21] Plaintiffs' Amended Complaint [Doc. 15] and, in support thereof, would respectfully show the Court as follows:

### INTRODUCTION

On February 19, 2024, Plaintiff Ybarra filed his Original Complaint asserting a civil rights actions under 42 U.S.C. Section § 1983 against the City of Houston and HPD Officer Gerald Goines, for the violation of the Fourth, Fourteenth and Fifth Amendments. [Doc. 1]. The City of Houston thereafter filed its Motion to Dismiss Plaintiff's original complaint pursuant to Fed. R. Civ. P. Rule 12(b)(1) and 12(b)(6). In response, Plaintiff filed Plaintiffs' First Amended Original Complaint, adding Plaintiff Patricia May as a Plaintiff, and, again asserting a civil rights cause of action under 42 U.S.C. Section § 1983 claims for violation of their Fourth, Fourteenth and Fifth Amendments. [Doc. 15]. The City of Houston again filed its Motion to Dismiss Plaintiffs' First Amended Original pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief

1

may be granted.  The City of Houston asserted that the (1) Plaintiffs' claims were barred by *Heck v. Humphrey*; (2) Plaintiffs' claim was barred by the statute of limitation, (3) Plaintiffs failed to state a constitutional violation to support a Section 1983 claim, and (4) Plaintiffs pled insufficient facts to implicate municipal liability under Monell. [ Doc. 21].  On September 5, 2024, Plaintiffs filed "Plaintiffs' Response to Defendant City of Houston's Motion to Dismiss for Failure to State a Claim and Motion to Amend". [Doc. 23].  In responding to Defendant's Motion to Dismiss, Plaintiffs assert that "The City's Motion to dismiss should be denied because Plaintiffs have clearly stated a plausible claim against it, and none of its arguments otherwise should be credited." [Doc. 23 at pg. 6].  Specifically, Plaintiffs' response addressed two of the four basis Defendant City of Houston asserted in its Motion to Dismiss.  Plaintiffs only argued that (1) the statute of limitation did not accrue, and (2) the independent intermediary argument does not apply.

The City of Houston now files this its Reply to Plaintiffs' Response to Defendant City of Houston's Motion to Dismiss [Doc. 23], as Plaintiffs have continued to file to overcome the assertion s made in Defendant's Motion to Dismiss.  Defendant City of Houston will address Plaintiffs' Motion to Amend the Complaint for the Third time, separately.

## ARGUMENT AND AUTHORITIES

### *Plaintiffs' claims are barred by the statute of limitations.*

1. Plaintiffs argue the statute of limitations asserted by Houston does not apply. Plaintiffs further cite a case that is not even analogous to the case at bar. [Doc. 23, p. 7].  Plaintiffs allege the statute of limitations should not begin to accrue until the cases were terminated in the Plaintiffs' favor. [Doc. 23, p. 11]. Plaintiffs cite *Manuel v. City of Joliet,* 580 U.S. 357. [Doc. 23, p.7].  *Manuel* held that the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of the legal process. *Id.*  The Court remanded the case back to the appellate

Court to determine the accrual issue. *Id.* *Manuel,* the case cited by Plaintiffs, concerns an unlawful pretrial detention. In *Manuel* the defendant was held in jail 48 days after a finding that the pills defendant was arrested for possessing contained no controlled substances. *Manuel v. City of Joliet,* 580 U.S. 357. In the Complainant Plaintiff never asserted unlawful pretrial detention—which is what *Manuel* concerns. [Doc. 1]. Granted, the opinion does mention the initial arrest, but the issue is the unlawful pretrial detention. Plaintiffs repeatedly mention unlawful arrest and arrest throughout their complaint and amended complainant. [Documents 1 and 15]. They did not once mention unlawful pretrial detention. Plaintiffs are relying on *Manuel* which doesn't even apply to the Plaintiffs' claims because Plaintiffs are asserting unlawful and illegal arrests—not unlawful pretrial detention. If that had been the case, they would have mentioned unlawful pretrial detention in the original complainant or even in the amended complainant.

**Plaintiffs' responses do not overcome the independent intermediary doctrine**

2. When "facts supporting an arrest are placed before a magistrate, judge, or other independent intermediary" and that intermediary issues a warrant, then the intermediary's decision to cause a warrant to be issued "'breaks the chain of causation' for the Fourth Amendment violation." *Jennings v. Patton*, 644 F.3d 297, 300–01 (5th Cir. 2011). The independent intermediary doctrine becomes relevant when—as here—a plaintiff's claims depend on a lack of probable cause to arrest him. Under this doctrine, "even an officer who acted with malice . . . will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's 'independent' decision 'breaks the causal chain' and insulates the initiating party." *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 553-54 (5th Cir. 2016) (quoting *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988) (quoting *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)). The Fifth Circuit's

"precedents have applied this rule even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime." *Buehler*, 824 F.3d 548, 553-54.

3. A plaintiff can avoid the independent intermediary doctrine under the *Franks* exception only by showing that an officer "deliberately or recklessly provides false, material information for use in an affidavit' or 'makes knowing and intentional omissions that result in a warrant being issued without probable cause.'" *Anokwuru v. City of Houston*, 990 F.3d 956, 964 (5th Cir. 2021). In the context of an arrest the Fifth Circuit requires that the police must have acted "according to a preconceived plan and on the say-so of the private actor, not on the basis of their own investigation."

4. Plaintiffs believe the *Franks* exception to the *intermediary* doctrine applies. In their response Plaintiffs allege that the basis of their complaint was planted drugs, falsified evidence and intentionally misleading intermediaries. Plaintiffs made these allegations, but Plaintiffs failed to follow *Anokwuru v. City of Houston,* 990 F.3d 956 (5th Cir. 2021) and show that Goines deliberately provided false, material information for use in an affidavit. Plaintiffs did not plausibly establish the indictments or charging instruments against them were tainted.

### *Plaintiffs' failure to Respond.*

5. Plaintiffs' Response cannot defeat Defendant's Motion to Dismiss on various claims raised in his Motion. Local Rule 7.4 in part provides, "Failure to respond to a motion will be taken as a representation of no opposition." By failing to respond to Defendant City of Houston's arguments, Plaintiffs have effectively waived opposition to the Motion to Dismiss. S. D. Tex. L.R. 7.4. *See, e.g., Chavez v. Alvarado*, 550 F. Supp. 3d 439, 447 (S.D. Tex. 2021) (Lee H. Rosenthal, C. J.) (dismissing claims because "plaintiffs did not respond to the argument, effectively

4

abandoning their claims against the Houston Police Department."); citing *Black v. N. Panola Sch. Dist.*, 46.

6. Defendant's Motion to Dismiss argued that:(1) Plaintiffs' claims were barred by *Heck v. Humphrey*; (2) Plaintiffs' claim was barred by the statute of limitation, (3) Plaintiffs failed to state a constitutional violation to support a Section 1983 claim, and (4) Plaintiffs pled insufficient facts to implicate municipal liability under Monell. [Doc. 21]. Plaintiffs' response [Doc 23] contains no substantive response to Defendant's (1) *Heck* barred argument; (2) Failure to state a claim under Section 1983, and (3) Failure to plead a Monell claim.

7. By failing to defend his claims against the Defendant in response to the 12(b) motion, Plaintiffs have abandoned their claims. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (citing *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001)). Plaintiffs' failure to pursue this claim beyond his complaint constituted abandonment."); *Brackens v. Ocwen Loan Servicing*, LLC, 3:13-CV-3458-L, 2015WL 1808541, at *4 (N.D. Tex. Apr. 21, 2015) ("Because Plaintiff failed to address Defendant's arguments in a response, he has abandoned his wrongful foreclosure claim."); *see also Symetra Life Ins. Co. Nat'l Ass'n of Settlement Purchasers v. Rapid Settlements, Ltd.*, CV H-05-3167, 2012 WL 12893482, at *13 (S.D. Tex. May 1, 2012) (holding that plaintiff abandoned claim by not addressing it in response to summary judgment motion).

8. Local Rule 7.4 in part provides, "Failure to respond to a motion will be taken as a representation of no opposition." By failing to respond to Defendant Barnes' arguments, Plaintiffs have effectively waived opposition to the Motion to Dismiss. S. D. Tex. L.R. 7.4. *See, e.g., Chavez v. Alvarado*, 550 F. Supp. 3d 439, 447 (S.D. Tex. 2021) (Lee H. Rosenthal, C. J.) (dismissing

claims because "plaintiffs did not respond to the argument, effectively abandoning their claims against the Houston Police Department.").

9. In particular, Plaintiffs failed to respond to Defendant's assertion that *Monell* does not apply because Plaintiffs failed to establish a persistent widespread practice so common that it represented municipal policy. In *Jeffrey v. City of Houston* (Cause Number 4:23-CV-00069) Judge George Hanks dismissed a complaint alleging false testimony on the part of one officer--Gerald Goines. Judge Hanks noted that the allegations concerned the conduct of "just one officer in one squad in a department of thousands of officers". In Plaintiffs' Complaint they made the same argument the Plaintiff in *Jeffrey* made: that Gerald Goines's bad acts were so pervasive that they represented municipal policy. Judge Hanks rejected that argument and dismissed the case. Therefore, in the instant case, a dismissal for the same reason should follow.

## CONCLUSION

Plaintiffs failed to allege well pled facts in the Complainant that, as taken true, would state any claim against Houston. The independent intermediary doctrine breaks the causal chain for any Fourth Amendment violation. Further, Plaintiffs assert Houston erroneously made its arguments for false arrest under the Fourth Amendment. Plaintiffs then asserted Houston should have used the rule in *Manuel v. City of Joliet* which involved unlawful pretrial detention as was not even analogous to the case at bar. The Court should enter an order dismissing all of Plaintiffs' claims, with prejudice, and pursuant to Rule 12(b)(6).

WHEREFORE, Defendant City of Houston respectfully requests the Court dismiss all of Plaintiffs' claims against Defendant City of Houston, with prejudice. Defendant City of Houston additionally requests all such other and further relief to which it may be entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

**CHRISTY MARTIN**
**Chief, Torts/Civil Rights Section**

By: /s/ Dani Bradberry
    DANI BRADBERRY
    ATTORNEY-IN-CHARGE
    Senior Assistant City Attorney
    State Bar No.:  24031377
    FBN:  3050715
    CITY OF HOUSTON LEGAL DEPARTMENT
    900 Bagby, 3rd Floor
    Houston, Texas 77002
    Telephone:  832-393-6320
    Facsimile:  832-393-6259
    Email:  Dani.Bradberry@HoustonTx.gov
    *Attorney for City of Houston*

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion was served via the Court's CM/ECF system to all counsel of record, in accordance with the Federal Rules of Civil Procedure, on September 12, 2024.

    */s/ Dani Bradberry*
    DANI BRADBERRY

8