IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JAMES YBARRA,** | )( | **Civil Action No. 4:24-cv-584** |
| | )( | **(Jury Trial)** |
| *Plaintiff,* | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **CITY OF HOUSTON, TEXAS, and** | )( | |
| **GERALD GOINES,** *Individually,* | )( | |
| | )( | |
| *Defendants.* | )( | |

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE LEE H. ROSENTHAL:**

**COMES NOW Plaintiff JAMES YBARRA** amending his complaint "as a matter of course" and Plaintiff **PATRICIA MAY** (**aka LISA BROWN**) complaining of the Defendants **CITY OF HOUSTON** and **GERALD GOINES,** *Individually,* will show the following:

**Note:** This amended Complaint is pursuant to Court Order (Doc. 26) to *"amend any constitutional malicious prosecution claims against Goines."* Plaintiff by leaving in previous dismissed 42 U.S.C. Section 1983 claims against the City does NOT intend to prosecute those claims except on appeal.

1

## I.   INITIAL FACTS

1.      This is a civil rights case brought under 42 U.S.C. §§1983 for violations of James Ybarra's Constitutional rights under the Fourth, Fifth, and Fourteenth Amendments and state law.

2.      For years Houston Police Department (HPD) officer Gerald Goines, with the knowledge and assistance of other HPD officers and staff planted drug evidence and falsified probable cause affidavits to falsely convict and maliciously prosecute dozens and dozens of innocent victims. Goines' horrific history culminated when, on January 28, 2019, Goines and other HPD narcotics officers broke through the front door of Dennis and Regina Tuttle's home in East Houston, based upon a false drug warrant, and shot them repeatedly until dead, in their living room. Heroin was found in a squad car probably for planting.

3.      At first HPD, including former Police Chief Art Acevedo, vilified the Tuttles and extolled the virtues of the HPD officers, however, after only a few days the whole debacle started to unravel and revealed a systemic fifteen-year long practice of Goines and other HPD officers falsifying drug charges by planting drugs, lying in affidavits, police reports, and in court, and convicting dozens of innocent poor people, mostly minorities. Without the tragic murder of the Tuttles it would still be going on today. Goines was charged with murder and was convicted as well as another narcotics officer as others await trial. [1]

4.      The families of the Tuttles sued Houston and several officers in 2021 **(Civil Action No.: 4:21cv270)**. That lawsuit alleges that Houston had and has a very serious problem

---

[1] Gerald Goines' murder trial is currently in progress as of the filing of this pleading.

that *is "perverse, widespread, and longstanding"* with HPD Narcotics Squad 15 including *"a pattern of corrupt, reckless, and unconstitutional conduct which endangers our citizens, rather than protecting them. It has been allowed to grow into an entrenched and dangerous subculture with no accountability. It has been allowed to thrive for years through deliberate indifference by supervisors up the chain of command all the way to the offices of the Chief of Police and other policymakers for the City."* Plaintiff Ybarra, herein, alleges the same.

5. This case is about the other victims who, like Plaintiff James Ybarra and Plaintiff Patricia May, could not fight the seasoned, expert lying and planting of drugs by convicted murderer and other HPD narcotics officers and were falsely arrested, maliciously prosecuted, and wrongfully convicted of drug felonies causing catastrophic damages. As of June 19, 2024, more than TWENTY-FIVE of those victims have had their drug possession convictions reversed by the Texas Court of Criminal Appeals and TWO reversed by a trial court. There are currently several more cases pending in the Texas Court of Criminal Appeals where the trial court has recommended reversal and some pending in the trial court. Additionally, at least three more of the falsely arrested, maliciously prosecuted, and wrongfully convicted victims have died, never to receive justice or acknowledgment of the wrongs done to them in their lifetime.

## II.  **JURISDICTION AND VENUE**

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§1331 and 1343. This Court has supplemental jurisdiction as to Plaintiffs' state law claims, if any, pursuant to 28 U.S.C. §1367(a).

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the City of Houston is located, and the events giving rise to Plaintiffs' claims occurred, within the U.S. Southern District of Texas, Houston Division.

### III.    PARTIES

8.      Plaintiff JAMES YBARRA is a resident of Texas. Plaintiff PATRICIA MAY is a resident of Texas.

9.      Defendant CITY OF HOUSTON is a municipality located mainly in Harris County, Texas and was served with process by serving the City Secretary at 901 Bagby, Houston, Texas 77002.

10.      Defendant GERALD GOINES is an individual and can be served with process at 20303 Cortina Valley Drive, Cypress, Texas 77433-6333 or wherever he is found.

### IV.    ADDITIONAL FACTS

11.      James Ybarra (hereinafter sometimes "James") was born in San Antonio, Texas, and moved to Houston in 1979 as his stepfather, John Perez, attended law school and then became a lawyer practicing in Houston, Texas until his death in 2016.

12.      James has never been finally convicted of any felony in his life.

13.      James enlisted in the U.S. Army and participated in Desert Storm, the war in Iraq. He was discharged in 1991. In 2005 James got married.

14.      In 2014 James was a live-in caretaker for his mother who needed around the clock care due to several strokes and being semi-paralyzed and bedridden. James was employed through a home health care agency.

15.    The morning of August 7, 2014, James went to get a haircut from a hairdresser/barber who worked out of his apartment on Lockwood Street in east Houston.

16.    James had no drugs or other contraband with him.

17.    While waiting to get his haircut Houston police (HPD) officer Gerald Goines (hereinafter sometimes "Goines") and several other HPD narcotics officers busted down the front door, pointed a gun at James, and put him in handcuffs. They searched James at least five times finding no contraband nor any other item of note. There were no drugs next to James.

18.    Shockingly James was arrested by Goines and the other HPD officers despite having committed no crime nor there being any indication that James had committed a crime. James had acted lawfully at all times.

19.    James was brought to the Harris County jail. James was charged with felony possession of a controlled substance 1-4 grams in the 174th Judicial District Court, Case No. 01354989, that same day. James' bond was set at $5000.00. The officer providing the information for the charging of James was officer Goines. Without the false information and paperwork provided by Goines James would not have been arrested nor prosecuted for any crime.

20.    Soon after the arrest Goines filed out a police report that stated that handcuffed-behind-his-back James was seen twisting around attempting to reach into his front pocket which was false and Goines knew it to be false. Goines also wrote in the police report that "Officers then observed a black pouch at the ground on the right side of Ybarra." And

"Officer found a small quantity of marijuana and two ecstasy tablets inside the black pouch." These statements were also false and Goines knew them to be false.

21.     According to his police report Officer Goines was the "officer of record" on the case and "took possession of all articles found at the scene."

22.     Officer Goines further reported in his police report that the alleged "1 gram of ecstasy" found in the black pouch field tested positive for ecstasy. Furthermore, Goines falsely stated in an affidavit and police report that James was in possession of the planted drugs.

23.     Four days after his arrest James bonded out of the Harris County jail at a cost of $500.00.

24.     James hired a lawyer who he paid around $2000.00, however, that lawyer eventually withdrew from James' case when James could not pay the lawyer's fees as fast as the lawyer required.

25.     James then hired a second lawyer and paid him around $7000.00.

26.     James had to appear in the 174th District Court on several occasions for required court settings.

27.     James eventually lost his job with the home health care provider due to his pending criminal charge around January 2015. As a result James could not continue to pay his second lawyer and that lead to James being appointed a lawyer due to indigency.

28.     Despite James' lawyers' efforts to have the case dismissed asserting James' innocence the prosecution asserted that Goines' testimony was enough to convict James

and send him to prison for many years. Prosecutors offered a plea bargain for a guilty plea in exchange for "time served."

29.    In early November 2015 James was a few minutes late to court, not due to any fault of his own, and was jailed for being late. Because of losing his job and his indigency he could not bond out.

30.    At his next Court appearance November 6, 2015, James was taken from the jail to court.  Prosecutors again offered a plea bargain for a guilty plea in exchange for "time served" and then James could get out of jail immediately. If not, James would return to jail for the next court setting. James' appointed lawyer said because of Goines' testimony James may very likely be found guilty and sentenced to many years in prison. Faced with these fabricated charges brought by Gerald Goines, out of money and a job, wholly despondent, and seeing no alternatives James took the plea bargain and was convicted of felony drug possession. James has suffered at least great fear, depression, sadness, and anxiety since his false arrest. He has not found gainful employment due to the false public record of felony conviction for methamphetamine and has lost several hundreds of thousands of dollars in lost wages.

- *Plaintiff Patricia May (aka Lisa Brown)*

31.    Around 2011 Patricia May was at a gazebo and gathering area near an apartment complex in her neighborhood in Houston in the afternoon visiting with acquaintances. Patricia was not drinking or using any drugs. She had no drugs or any contraband and as not doing anything illegal.

32.    Two   HPD officers pulled up to the area and asked for identifications including

7

Patricia's. Patricia provided her identification.

33.     Patricia started to leave and the officer asked her to wait, which she did. The officer went to the squad car and then came back and said his sergeant wanted to speak with Patricia and Patricia asked what for. The officer said the sergeant wanted to ask questions and would be coming to the area soon.

34.     Patricia and the officers waited for 25 or so minutes but the sergeant did not arrive. The sergeant never arrived and Patricia was taken into custody over her protestations.

35.     Patricia was taken to the Houston Mykawa police substation and booked into the Jail there. The next day Patricia was transferred to the Harris County jail still not informed of the charges.

36.     Patricia stayed in jail unaware of the charges for about a month until her first court appearance where she learned it was possession of a controlled substance with a punishment range of 2 to 12 years imprisonment. Patricia was appointed a lawyer who told her she could get anywhere from 2 to 12 years but Patricia maintained her innocence and wanted to take it to trial. Goines had planted the drugs and then falsely stated in a police report and in an affidavit that Patricia was in possession of the drugs Goines had planted.

37.     Patricia appeared in court about four more times each time the prosecutor lowered the plea bargain prison time offer. Each time the lawyer said she was unlikely to win the trial because of the evidence and statements that Goines had presented.

38.     Eventually, on what Patricia believed was the trial date, the offer was lowered to ninety days and to do a drug program. That day Patricia saw many defendants who were distraught because they were getting lengthy sentences, so she took the plea bargain even

8

though she was innocent.

39.    Patricia was incarcerated a total of about eight months because she continued to be prosecuted after her arrest.

40.    Patricia, through the Harris County Public Defenders' Office, filed a petition to overturn her conviction November 22, 2021. The Texas Court of Criminals Appeals, based upon the false testimony and evidence provided by Gerald Goines in Patricia's case, overturned the conviction May 18, 2023, and the case was dismissed in June of 2023.

41.    Patricia has suffered at least great fear, depression, sadness, and anxiety since her false arrest and malicious prosecution. The sight of law enforcement causes her great fear and anxiety.

42.    The Harris County District Attorney's Office (DA's Office) noting that Goines had fabricated evidence began an investigation into Goines' many criminal cases involving small amounts of drugs. Eventually the Harris County Public Defenders' Office (PDO) began filing petitions of review in meritorious cases including James Ybarra's case. Based upon an opinion issued January 11, 2024, in case No. WR-95,148-01, by The Court of Criminal Appeals of Texas, opining that James' plea was involuntary due to the bad acts of Goines the 174th District Court dismissed James' case on February 6, 2024.

43.    Roderick Bell was originally convicted of a felony drug charge, Cause No. 1368124, in a Harris County District Court based upon false statements and drug planting by Goines. However, on December 6, 2023, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that the

9

conviction should be overturned. The case was dismissed.

44.     Joyce Colby was originally convicted of a felony drug charge, Cause No. 1387766, a Harris County District Court based upon the statements and drug planting by Goines. However, on November 15, 2023, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that the conviction should be overturned. The case was dismissed.

45.   JeJuan Collier was originally convicted of a misdemeanor drug charge, Cause No. 1137152, in a Harris County District Court based upon the statements and drug planting by Goines. However, on August 15, 2023, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that the conviction should be overturned. The case was dismissed.

46.     Andre Dillard was originally convicted of a felony drug charge, Cause No. 1319190, a Harris County District Court based upon the statements and drug planting by Goines. However, on August 23,  2023, the Texas Court  of Criminal Appeals   determined the evidence, including sworn statements,  Goines  provided were false and ruled that the conviction should be overturned. Exhibit 6. The case was dismissed.

47.     Chris Flowers was originally convicted of a felony drug charge, Cause No. 1361743, a Harris County District Court based upon the statements and drug planting by Goines. However, on July 8, 2023, the Texas Court of Criminal Appeals determined the evidence,

including sworn statements, Goines provided were  false and ruled that the conviction should be overturned. The case was dismissed.

48.     Katina Barley was originally charged with a felony drug charge, Cause No. 1586901, in a Harris County District Court based upon the false statements and drug planting by Goines. However, on June 17,2024, agreed findings were signed by the district court that indicated Goines provided false statements to gain a conviction.

49.   Antoine Christian was originally convicted of a felony drug charge, Cause No. 1193011,  in a Harris County District Court based  upon the false statements and drug  planting by Goines.   The Texas Court of Criminal   Appeals is currently considering overturning the conviction.

50.   Monique  Davis  was originally convicted of a misdemeanor drug charge, Cause No. 1171765, in a Harris County District Court based upon  the false statements and drug planting by Goines.  The Texas  Court of Criminal   Appeals is currently considering overturning the conviction.

51.   Bobby Gamous  was  originally convicted of  a felony drug charge, Cause No. 1383761,  in a Harris County District Court based upon the false  statements and drug planting by  Goines.  However, on December  6, 2023,  the  Texas Court  of  Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that the conviction should be overturned. The case was dismissed.

52.   Michael  Gastille was originally convicted of a felony drug charge, Cause   No.

---

[2] Plaintiff asserts there may be other causes of action not listed herein which plaintiff asserts and does not abandon by failure to list.

1423410, in a Harris County District Court based upon the statements and drug planting by Goines. However, on March 27, 2024, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that conviction should be overturned. The case was dismissed.

53. Harry Gradney was originally convicted of a felony drug charge, Cause No. 1471795, in a Harris County District Court based upon the statements and drug planting by Goines. However, on October 18, 2023, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that the conviction should be overturned. The case was dismissed.

54. Tyrik Guy was originally convicted of a felony drug charge, Cause No. 1604838, in Harris County District Court based upon the statements and drug planting by Goines. However, on February 8, 2024, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that the conviction be overturned.

55. Derek Harris was originally convicted of a felony drug charge, Cause No. 1162180, a Harris County District Court based upon the statements and drug planting by Goines. However, on April 24, 2024, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that the conviction be overturned.

56. Corey Johnson was originally convicted of a felony drug charge, Cause No. 1367434, in a Harris County District Court based upon the statements and drug planting by Goines. However, on December 20, 2023, the Texas Court of Criminal Appeals

determined the evidence, including sworn statements, Goines provided were false and ruled at the conviction be overturned. The case was dismissed.

57.  Dale Louis Jones was originally convicted of a felony drug charge, Cause No. 1333694, in a Harris County District Court based upon the false statements and drug planting by Goines. A petition to overturn the conviction was filed with the Texas Court of Criminal Appeals and granted.

58.  Steven Mallet was originally convicted of a felony drug charge, Cause No. 1230338, in a Harris County District Court based upon the statements and drug planting by Goines. however, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that the conviction be overturned. The case was dismissed.

59.  Doris Martin was originally convicted of a felony drug charge, Cause No. 1304899, In a Harris County District Court based upon the statements and drug planting by Goines. However, on April 19, 2024, the Texas Court of Criminal Appeals signed agreed findings tht indicated the evidence, including sworn statements, Goines provided were false.

60.  Aaron Matthews was originally convicted of a felony drug charge, Cause No. 1392768, in a Harris County District Court based upon the statements and drug planting by Goines. However, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that conviction should be overturned. The case was dismissed.

61.  Damian McGinnis was originally convicted of a felony drug charge, Cause No. 1405940, in a Harris County District Court based upon the statements and drug planting

by Goines. However, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that the conviction should be overturned. The case was dismissed.

62. Dequentun Mitchell was originally convicted of a felony drug charge, Cause No. 1486904, in a Harris County District Court based upon the statements and drug planting by Goines. However, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided may be false and ruled the conviction be overturned. The case was dismissed.

63. Melvin Mitchell was originally convicted of a felony drug charge, Cause No. 1367435, in a Harris County District Court based upon the statements and drug planting by Goines. However, the Texas Court of Criminal Appeals signed findings of fact that indicated the evidence, including sworn statements, Goines provided could be false.

64. Calvin Powell was originally convicted of a felony drug charge, Cause No. 1198204, a Harris County District Court based upon the statements and drug planting by Goines. petition to overturn the conviction has been filed with the Texas Court of Criminal Appeals.

65. Byron Prophet was originally convicted of a felony drug charge, Cause No. 1155797, in a Harris County District Court based upon the statements and drug planting by Goines. A petition to overturn the conviction was filed with the Texas Court of Criminal Appeals indicating that Goines provided false statements.

66. Shanta Renchie was originally convicted of a felony drug charge, Cause No. 1537886, in a Harris County District Court based upon the statements and drug planting

14

by Goines. However, on August 25, 2023, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and ruled that the conviction be overturned. The case was dismissed.

67. McArthur Ross was originally convicted of a felony drug charge, Cause No. 1415212, in a Harris County District Court based upon the statements and drug planting by Goines. However, on September 27, 2023, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided could be false and that the conviction should be overturned. The case was dismissed.

68. Andrew Spates was charged with of a misdemeanor drug charge, Cause No. 1804663, in a Harris County District Court based upon the statements and drug planting by Goines. The judge has signed agreed findings on July 21, 2024, indicating that the evidence, including sworn statements, Goines provided may be false.

69. Terrence Spriggs was originally convicted of a felony drug charge, Cause No. 1368185, in a Harris County District Court based upon the statements and drug planting by Goines. However, on September 13, 2023, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided were likely false and ruled the conviction should be overturned. The case was dismissed.

70. Sharay Thomas was originally convicted of a felony drug charge, Cause No. 1388776, in a Harris County District Court based upon the statements and drug planting by Goines. However, on June 19, 2024, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided may be false and ruled that the conviction be overturned. The case was dismissed.

15

71.   Jeffrey Vance was originally convicted of a felony drug charge, Cause No. 1169297, in a Harris County District Court based upon the statements and drug planting by Goines. However, on June 19, 2024, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided may be false and ruled that the conviction should be overturned.

72.   Tony Vaughn was originally convicted of a felony drug charge, Cause No. 1337152, a Harris County District Court based upon the statements and drug planting by Goines. However, on January 12, 2023, the Texas Court of Criminal Appeals determined the evidence, including sworn statements, Goines provided may be false and ruled that the conviction should be overturned. The case was dismissed.

73.   Gene Oliver Walker was originally convicted of a felony drug charge, Cause No. 1417851, in a Harris County District Court based upon the statements and drug planting by Goines. However, on February 13, 2024, Findings of Fact were signed indicating the evidence, including sworn statements, Goines provided were false.

74.   Gene Oliver Walker (2nd case) was originally convicted of a felony drug charge, Cause No. 1417852, in a Harris County District Court based upon the statements and drug planting by Goines. However, on February 16, 2024, Findings of Fact were signed indicating the evidence, including sworn statements, Goines provided were false.

75.   Cedric Woods was originally convicted of a felony drug charge, Cause No. 1379808, in a Harris County District Court based upon the statements and drug planting by Goines. However, on August 23, 2023, the Texas Court of Criminal Appeals determined the

evidence, including sworn statements, Goines provided may be false and that the conviction should be overturned. The case was dismissed.

76.    Melissa Clark was originally convicted of a felony drug charge, Cause No. 1314445, by a Harris County District Court based upon the false sworn statements and drug planting by Goines. However, she has filed a petition with the Texas Court of Criminal Appeals to overturn the conviction.

77.    Dorothy Mable was originally convicted of a felony drug charge, Cause No. 1403772, in a Harris County District Court based upon the false sworn statements and drug planting by Goines. However, she has filed a petition with the Texas Court of Criminal Appeals to overturn the conviction.

78.    Joseph Posey was originally convicted of a felony drug charge, Cause No. 1388580, In a Harris County District Court based upon the sworn statements and drug planting by Goines. However, he has filed a petition with the Texas Court of Criminal Appeals to overturn the conviction.

79.    Joshua Thompson was originally convicted of a felony drug charge, Cause No. 1169300, in a Harris County District Court based upon the sworn statements and drug planting by Goines. However, he has filed a petition with the Texas Court of Criminal peals to overturn the conviction.

80.    Eddie Ray Gaderson, Cause #1391762 was originally convicted of a misdemeanor drug charge, Cause No. 1337152, in a Harris County District Court based upon the false statements and drug planting by Goines. However, on August 15, 2023, the Texas Court of

17

Criminal Appeals determined the evidence, including sworn statements, Goines provided were false and that conviction should be overturned.

81.    Reinaldo Babineaux, was convicted of a felony drug charge, Cause No. 1387759, in a Harris County District Court based upon the false statements and drug planting by Goines. Upon information and belief he would have had his conviction overturned and case dismissed, however, he died.

82.    Gary Dwaine Jammer, was convicted of a felony drug charge, Cause No. 1401816, in a Harris County District Court based upon the false statements and drug planting by Goines. Upon information and belief he would have had his conviction overturned and case dismissed, however, he died.

83.    It was common knowledge at HPD including all Chiefs of Police and upper management that Goines and other police officers were planting drug evidence and providing false statements to gain convictions of innocent people from at least 2008 to 2019.

84.    Goines maliciously and with evil intent knowing Patricia May and James Ybarra would be imprisoned and lose their liberty by jailing, forced drug treatment, imprisonment, forced to show at court many times, pay for lawyers and lose money through lost work moved forward with the planted evidence and false statements to procure a prosecution.

## MALICIOUS PROSECUTION WITH 4TH AMENDMENT VIOLATION

84.    Plaintiffs reassert the previous paragraphs.

85.    A Fourth Amendment malicious prosecution claim can serve as the alleged underlying constitutional violation for a § 1983 claim. See *Thompson  v. Clark,* 596 U.S. 36, 49 (2022). Ybarra and May are using the state-law malicious prosecution claim as a basis for their § 1983 claim and are bringing a constitutional malicious prosecution claim. Along with the elements of Texas malicious prosecution law Plaintiffs assert they unreasonably seized under Fourth Amendment and held in jail, and denied due process under the Fifth Amendment by the false accusations in affidavits and police reports of being in possession of narcotics and planting drugs causing them to be incarcerated and having to show up in court many times, being incarcerated both during and after prosecution and lose money due to paying lawyers and losing work as well as having to show up at a probation office and pay probation fees.

## CAUSES OF ACTION[2] PLAINTIFF'S CIVIL RIGHTS CLAIMS

86.    Plaintiffs incorporate all preceding paragraphs by reference herein.

87.    James and Patricia had the right under the Fourth, Fourteenth, and Fifteenth Amendments to the United States Constitution to be secure in his person, home, and property against unreasonable search and seizure, to not to arrested and prosecuted without probable cause without probable cause are protected against deprivation by state actors by the Fourteenth Amendment.

---

[2] Plaintiff asserts there may be other causes of action not listed herein which plaintiff asserts and does not abandon by failure to list.

88.    Pursuant to 42 U.S.C §1983, every person who, under color of any statute, ordinance, regulation, custom, or usage of any State, subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights secured by the Constitution and laws, shall be liable to the injured party in action for redress.

89.    Each Defendant is a "person" within the meaning of 42 U.S.C. §1983.

90.    Each Defendant, jointly, severally, or both, deprived James of his rights under the Fourth Amendment as incorporated and applied to the states through the Fourteenth Amendment.

91.    The acts and omissions of each Defendant were a proximate cause and cause-in-fact of James' injuries and damages.

## 42 U.S.C. §1983 – MUNICIPAL LIABILITY – POLICY, CUSTOM OR PRACTICE

92.    Plaintiffs incorporate all preceding paragraphs by reference herein.

93.    Municipalities may be held liable under 42 U.S.C. §1983 for constitutional deprivations committed pursuant to a policy, custom, or practice of the municipality. Even absent an officially adopted policy, a custom or practice that is so persistent and widespread that it fairly represents a municipal policy will support liability against the municipality. A pattern of unconstitutional conduct may be shown on the part of municipal employees who are not policymakers.

94.    The City of Houston at all times relevant to this complaint has maintained policies, customs or practices that caused and were the moving force behind the violation of James' constitutional rights described in this Complaint.

20

95.    The acts and omissions of each individually named Defendant were caused by said policies, customs or practices.

96.    The City of Houston's policymakers such as their Mayors Parker and Brown, and Police Chiefs McClelland and Brown as well other Mayors and Chiefs had actual or constructive knowledge about said policies, customs or practices. The City of Houston's policymakers were deliberately indifferent as to said policies, customs or practices.

97.    Said policies, customs and practices include the following:

a.    The City's policy or custom of allowing its officers to plant evidence including drug evidence to convict innocent and other people of crimes;

b.    The City's policy or custom of allowing officers and supervisors to remain in the narcotics division indefinitely, without term limits. Goines was allowed to work as a narcotics officer for at least 22 years before James' conviction and only left after he murdered the Tuttles in 2019 in the "Harding Street Raid." Narcotics enforcement is a field known to pose high risk for corruption given the covert nature of the work involving CIs, cash, drugs, and weapons. Generally recognized best practices require regular rotation out of the division of narcotics officers and supervisors to prevent the development, as happened in this case, of a corrupt, dangerous, and illegal subculture within the division.

c.    The City's policy or custom of not requiring or conducting regular audits of the HPD narcotics division. Prior to the incident, HPD had not audited the HPD narcotics division since 2000.

d.    The City's policy or custom of allowing narcotics officers to use false affidavits to obtain search warrants, including no-knock search warrants.

21

e.      The City's policy or custom of allowing narcotics officers to falsify offense reports and supplemental reports.

f.      The City's policy or custom of allowing narcotics officers to falsify time sheets, including overtime forms.

g.      The City's policy or custom of allowing narcotics officers to violate policies relating to custody of narcotics and weapons.

h.      The City's policy or custom of not using body cameras when conducting raids.

HPD's Official Written Policies

98.    The City of Houston had written policies that caused James to have his constitutional rights violated which include:

a.      SOP 200/1.02 on Activity Authorization and Notification, which allowed execution of warrants involving forced entry without the presence of the case agent's supervisor. Goines' supervisor was not present during James' arrest.

b.      SOP 200/1.05 on Narcotics Operational Plan, which allowed execution of warrants by narcotics officers without requiring them to wear and use body-worn cameras.

c.      SOP 200/1.12 on Search warrants/Buy Busts and Open Air Investigations, which allowed narcotics officers to execute search warrants without supervisory review of the investigative efforts which support the search warrant affidavit. This SOP also allowed HPD narcotics entry teams to make entry without requiring them to wear and use body-worn cameras. policies and procedures.

**STATE MALICIOUS PROSECUTION**

99.    Plaintiffs incorporate all preceding paragraphs by reference herein.

22

100.    The facts alleged constitute the Texas state cause of action for malicious prosecution. The essential elements of a claim for malicious prosecution are: (1) the institution of proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) terminationof the proceeding in plaintiff's favor; and (6) damages to the plaintiff.  If the underlying action was a criminal prosecution, the plaintiff must also have been innocent of the charges which James and Patricia were.

## RATIFICATION

101.    Neither Goines nor any HPD officer has been disciplined for any actions related to Patricia's or James' case nor for the over 25 cases other cases where the Texas Court of Criminal Appeals overturned a drug conviction due Goines' involvement.

## 42 U.S.C. §1983 – FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE

102.    Plaintiff incorporates all preceding paragraphs by reference herein.

103.    The City of Houston failed to properly train, supervise, and discipline officers within the Narcotics Division including Goines. More specifically, the City failed to train, supervise, and discipline its narcotics officers regarding filling out truthful police reports and establishing actual real probable cause before an arrest is made and a prosecution pursued and by wearing body cameras in raids.

23

104.    The City of Houston and its chiefs of police were deliberately indifferent to the foreseeable result that this failure to train would violate the constitutional rights of citizens like James and Patricia.

105.    HPD and its policymakers further knew that mandating the training identified above would prevent wrongful arrests, prosecution without probable cause and wrongful convictions including James and Patricia.

106.    As a result of these failures, James and Patricia suffered the injuries identified in this complaint, including severe emotional distress, pain, and ultimately death.

42 U.S.C. §1983 – FAILURE TO PROMULGATE ADEQUATE POLICIES

107.    Plaintiffs incorporate all preceding paragraphs by reference herein.

108.    The City of Houston failed to promulgate adequate policies to prevent the violations of Plaintiffs' Constitutional rights.    Specifically, HPD failed to promulgate sufficient policies including the following:

a.    HPD should have mandated but failed to mandate the use of body-worn cameras.

b.    HPD should have mandated but failed to mandate that supervisors, including lieutenants, be present during raids.

109.    Based on these failures, Defendants violated James and Patricia's constitutional rights as described herein.    In contrast, had these policies been in force, HPD and its policymakers, including the chiefs of Police, Mayors, and others would have prevented the violation of those rights.

110.    By ignoring these important policies, HPD and its policymakers were deliberately indifferent to the foreseeable result that such failure would become the moving force

24

behind Constitutional violations.  In particular HPD and its chiefs knew that there would result more wrongful arrests and convictions.

111.    HPD and the Chief of Police further knew that mandating the policies identified above, would prevent false arrests and wrongful convictions, thereby preventing deprivation of constitutional rights and injuries to James and Patricia.

## DAMAGES

112.    Plaintiff incorporates all preceding paragraphs by reference herein.

113.    Plaintiff has suffered:

a.    Pecuniary loss sustained in the past, including lost wages and opportunity, and attorney's and other fees related to the criminal prosecutions

b.    Pecuniary loss that, in reasonable probability, will be sustained in the future.

c.    Mental anguish sustained in the past,

d.    Mental anguish that, in reasonable probability, will be sustained in the future.

e.    Attorney's fees and expenses.

f.    Exemplary damages against each individually named Defendant. Plaintiff is entitled to exemplary damages because the individual Defendants' actions were motivated by malice and/or involved reckless or callous indifference to James' federally protected rights. The individually named Defendants engaged in these actions and omissions intentionally, willfully, and/or wantonly, demonstrating deliberate indifference to, and a reckless disregard for, James constitutionally protected rights.

25

**g.** Pursuant to 42 U.S.C. §1988, Plaintiffs seek and are entitled to recover attorney's fees and costs, including expert fees.

## JURY DEMAND

114. Plaintiff hereby demands a trial by jury.

## PRAYER

115. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that all Defendants be cited to appear and answer herein, and that Plaintiffs have judgment against Defendants, jointly and severally, for actual damages, exemplary damages against all individual Defendants, pre- and post-judgment interest, attorney's fees and costs of court, including expert fees, and all further relief, both legal and equitable, as to which Plaintiffs show themselves justly entitled.

Respectfully Submitted,

/s/ *Randall L. Kallinen*
Randall L. Kallinen
KALLINEN LAW PLLC
State Bar of Texas No. 00790995
U.S. So. Dist. of Texas Bar No. 19417
511 Broadway Street
Houston, Texas 77012
Telephone:   713/320-3785
FAX:             713/893-6737
E-mail:          AttorneyKallinen@aol.com

Alexander C. Johnson
KALLINEN LAW PLLC

State of Texas Bar No. 24123583
U.S. So. Dist. of Texas Bar No.: 3679181
511 Broadway Street
Houston, Texas 77012
Telephone:    573/340-3316
Fax:            713/893-6737
Email:         alex@acj.legal

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been transmitted to all counsel appearing in this cause and pros se parties, if any, on this 17th Day of February 2025, by filing with the Cort's ECF System.

*/s/ Randall L. Kallinen*
Randall L. Kallinen