IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES YBARRA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-24-584 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiffs, James Ybarra and Patricia May, asserted claims under 42 U.S.C. § 1983 and state law against the City of Houston and former Houston Police Officer Gerald Goines. The plaintiffs alleged that Goines planted drugs on them, leading to their arrests, convictions, and sentencings for drug possession. The court granted the City's motion to dismiss the § 1983 civil rights claims against it, including the municipal liability and failure-to-train claims. (Docket Entry No. 26). Because the City's prior motion did not meaningfully address the plaintiffs' state-law malicious prosecution claims against it, the court did not dismiss those claims. (*Id.*). The City now moves to dismiss the plaintiffs' state-law malicious prosecution claims. (Docket Entry No. 32).

The City argues that any state-law malicious prosecution claims asserted against it are barred by the City's governmental immunity. (Docket Entry No. 32 at 5). The City argues that its governmental immunity defeats jurisdiction and that the plaintiffs did not allege a valid waiver of immunity. (*Id.*). According to the City, "[t]he Texas Tort Claims Act expressly retains and does not waive Houston's governmental immunity for intentional tort claims, such as malicious prosecution." (*Id.* at 8-9).

The plaintiffs argue that immunity under the Texas Tort Claims Act applies only when the City is acting in its governmental function, which they define as actions intended to further the public benefit. (Docket Entry No. 35 at 4-5). The plaintiffs assert that the City is not immune from suit under the Texas Tort Claims Act in this case because it was engaged in a "proprietary function" when Goines and other officers on the narcotics squad began a "systematic program of drug planting, false affidavits, and fabrication of evidence." (*Id.* at 5). The plaintiffs state that a municipality acts in its proprietary function when it acts in its private capacity, for the benefit only of those within its corporate limits, and not as an arm of the government. (*Id.*).

The court finds that Goines and the other officers in the squad were acting in their governmental function at the time of the alleged incidents. *See Wasson Ints., Ltd. v. City of Jacksonville*, 559 S.W.3d 142, 147 (Tex. 2018). The Texas Tort Claims Act does not waive immunity for claims arising out of intentional torts, including the tort of malicious prosecution. *Prosper v. City of Houston*, No. 4:23-CV-02603, 2024 WL 1181480, at * 3 (S.D. Tex. Feb. 13, 2024), *report and recommendation adopted*, No. 4:23-CV-02603, 2024 WL 1186722 (S.D. Tex. Mar. 19, 2024), *appeal dismissed*, No. 24-20225, 2024 WL 4719619 (5th Cir. Nov. 8, 2024) ("Plaintiff's claims for … malicious prosecution should be dismissed with prejudice as barred by governmental immunity per the Texas Tort Claims Act."); *Poole v. City of Killeen*, 999 F.2d 1580 (5th Cir. 1993) (per curiam) (finding no waiver of governmental immunity under the Texas Tort Claims Act for intentional torts, including malicious prosecution). The plaintiffs have not shown that the City waived its immunity under the Texas Tort Claims Act for the malicious prosecution claim. That claim fails.

The motion to dismiss, (Docket Entry No. 32), is granted. The malicious prosecution claim against the City of Houston is dismissed, with prejudice, because amendment would be futile.

Because all the claims against the City of Houston have been dismissed, that party is dismissed. The claims against Gerald Goines remain.

    SIGNED on April 14, 2025, at Houston, Texas.

                                                    _____
                                                          Lee H. Rosenthal
                                            Senior United States District Judge